IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01321-RPM

DENISE REID,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
a Maryland corporation,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

The plaintiff Denise Reid ("Reid") filed a complaint seeking declaratory relief/reformation and damages against the defendant GEICO General Insurance Company ("GEICO") alleging GEICO failed to make a compliant offer of optional additional personal injury protection ("APIP") coverage, as required under the Colorado Auto Accident Reparations Act ("CAARA") as it existed during times relevant to this action.  The parties filed motions for summary judgment with GEICO seeking a dismissal of Reid's complaint and Reid seeking a determination that GEICO violated CAARA thereby requiring the reformation of her automobile policy to include the coverages and benefits outlined in C.R.S. § 10-4-710(2)(a)(II).

On September 9, 1999, Reid purchased an automobile policy, with the preferred provider organization ("PPO") option of basic personal injury protection coverage, from GEICO over the telephone.  On September 10, 1999, GEICO issued to Reid her automobile policy number 501-50-290, effective September 9, 1999.  GEICO also mailed to Reid a "New Business Packet"

which included a Colorado Information and Option Form (form M-316-CO (5-98)), a coverages description form, a disclosure form, and a Colorado Personal Injury Protection Preferred Provider Organization Amendatory Endorsement.

GEICO mailed Reid another form M-316-CO (5-98), in connection with her six-month policy renewal, which she completed, signed, dated March 21, 2000, and returned to GEICO. Reid's signed option form told her that it was "IMPORTANT PLEASE READ CAREFULLY" and that GEICO "will not adjust your coverages unless you complete, **sign and return this form.**" (Emphasis in original.) Right above her name, which she signed and printed, the option form said "IF YOU HAVE QUESTIONS REGARDING THIS FORM OR THE COVERAGES CURRENTLY ON YOUR POLICY, PLEASE CALL US AT ANY TIME AT 1-800-841-3000. THIS FORM MUST BE SIGNED FOR ANY CHANGES TO BE MADE."

Reid's signed option form described the PIP options available to her, including basic and APIP options. As for basic PIP, that part of the option form provided:

---

**Part 1 - Basic Personal Injury Protection Coverage**

Personal Injury Protection coverage (PIP) pays for reasonable and necessary medical expenses, rehabilitation expenses, loss of earnings, essential services and death benefits subject to a maximum if you have an accident, no matter who was at fault. Basic PIP benefits are required by law on all motor vehicles located in Colorado except motorcycles, mopeds or vehicles designed primarily for off the road use.

|  | Total Medical Expenses | Total Rehabilitation Expenses | Maximum Weekly Work Loss Expenses | Maximum Daily Essential Services Expenses | Total Death Comp. |
|---|---|---|---|---|---|
| BASIC BENEFITS | $50,000 | $50,000 | $400/52 Weeks | $25/52 Weeks | $1,000 |

You may save on the cost of Basic PIP by selecting one of the premium reducing options below.

---

(The "box" was added for clarity and the word "compensation" abbreviated due to space limitations. Bold in original.)

2

Reid was further advised of the premium reducing options available: Limited Basic PIP, a PPO Option, and a Deductible Option. Reid selected the PPO Option by checking the box associated with that option. The signed option form notified Reid of APIP options as follows:

### Part 3 – Additional Personal Injury Protection (APIP) Options

Higher limits of PIP coverage are available at your option. The higher limits are described below. For these options the separate $50,000 limit for medical expenses is replaced by a single aggregate limit for all PIP benefits that apply. The premium for APIP is based on a percentage of your Basic PIP premium. If you selected the PPO option for Basic PIP in Part 1, it will also apply to APIP. However, unlimited APIP (options 4, 5 or 6) is not available with the PPO option. APIP is not available with the Limited Basic PIP option.

---

❑ **I do not want Additional PIP Benefits**

If you *did not* reject Work Loss benefits, you may select from the following APIP options:

|  | Total Aggregate Limit of Applicable PIP Benefits | Work Loss Limitations | Approximate Additional Premium Per Vehicle |
|---|---|---|---|
| ❑ Option 1 | $200,000 | Same as Basic PIP | 35% |
| ❑ Option 2 | $200,000 | No Weekly Limit/260 Weeks | 50% |
| ❑ Option 4 | Unlimited | Same as Basic PIP | 855% |
| ❑ Option 5 | Unlimited | No Weekly Limit/Unlimited | 900% |

If you *did* reject Work Loss benefits, you may select from the following APIP options.

|  | Total Aggregate Limit of Applicable PIP Benefits | Work Loss Limitations | Approximate Additional Premium Per Vehicle |
|---|---|---|---|
| ❑ Option 3 | $200,000 | No Work Loss Benefits | 35% |
| ❑ Option 6 | Unlimited | No Work Loss Benefits | 855% |

---

(Bold, italics and "box" in original.)

Reid had an understanding of APIP: "My understanding of PIP coverage in general was that it was a mandatory requirement for people who insured a motor vehicle in the State of Colorado. It was my understanding that PIP coverage provided benefits to people who were involved in a motor vehicle accident by getting medical bills paid and reimbursement for lost

3

earnings if there was time missed work due to injuries sustained in an accident." (Reid Affidavit, ¶4.)  Reid declined the APIP options offered by GEICO and checked the box so stating: **"I do not want Additional PIP Benefits."**  (Emphasis in original.)

Reid also made selections on all other parts of the option form, including Part 2 - Work Loss Waiver.  Reid represented that she had no earned income from wages during the 31 days prior to requesting a waiver and that no earned income from wages was anticipated for at least 180 days after applying for coverage, that she was qualified to decline work loss benefit, and checked the box rejecting the work loss benefit.[1]

On July 17, 2002, Reid was injured in an automobile accident and GEICO paid her basic PIP benefits in accordance with the terms of her policy.  Reid claims she has unpaid medical expenses and work losses, and seeks reformation of her automobile policy to provide unlimited medical and wage loss benefits.

The Colorado No-Fault Act, now repealed, required certain mandatory basic PIP coverages, as set forth in C.R.S. § 10-4-706, that would cover a certain class of persons, as set forth in C.R.S. § 10-4-707 and construed by the Colorado Court of Appeals in *Brennan v. Farmers Alliance Mut. Ins. Co.,* 961 P.2d 550 (Colo.App. 1998).  An insurer was required to offer - and the named insured was free to reject - optional APIP in exchange for higher premiums.  C.R.S. § 10-4-710(2)(a).  Section 10-4-710(2)(a) provided:

---

[1]The parties did not explain why if Reid rejected the work loss benefit associated with basic PIP, she was issued a policy with and paid work loss benefits for her accident of July 17, 2002.

> (2)(a) Every insurer shall offer for inclusion in a complying policy, in addition to the coverages described in section 10-4-706, at the option of the named insured:
>
> (I) Compensation of all expenses of the type described in section 10-4-706(1)(b) without dollar or time limitation; or
>
> (II) Compensation of all expenses of the type described in section 10-4-706(1)(b) without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.
>
> * * *
>
> b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

"[A]ll that is required is that the insurer *offer* these extended benefits." *Brennan, supra,* at 554 (emphasis in original).

Reid first argued that a written explanation of APIP was required, but several option forms were sent to her before her July 17, 2002, auto accident as evidenced by the written option form she received, made selections on, dated March 21, 2000, and then sent back to GEICO. If a written explanation was required before the initial issuance of her auto policy, which need not be decided in this case, this alleged failure caused Reid no harm and was cured before her accident.

Reid's arguments that reformation is mandated because the offers of APIP did not comply with C.R.S. § 10-4-710(2)(a) are also unavailing. Reid argued that GEICO's APIP offer was noncompliant because it excluded pedestrians and passengers from coverage, relying on language contained in an APIP *endorsement* that she did not receive, and which would not have applied to her policy if she had selected APIP. GEICO's offer - contained in its option form - did not

improperly exclude coverage for pedestrians and passengers, and the documents issued to her by GEICO did not provide otherwise. Moreover, Reid, as a named insured, lacks standing to complain about any such alleged noncompliance.

There are no impermissible time restrictions in the option form as to APIP coverage for the payment of medical expenses and Reid's reliance on the language contained in her automobile policy which only provided basic PIP coverage, and thus a five-year limitation, is misplaced.

GEICO's offer of APIP work loss options was also not deficient for failure to specifically indicate *how* the work loss was payable, i.e., that is was payable at the 85% level. Similarly, the offers were not defective for failure to specifically state that the $200,000 permissible aggregate limit was on a "per person, per accident" basis. Such specificity is not required. *See Calderon v. State Farm Mut. Auto. Ins. Co.,* 2005 WL 2304735 (D.Colo. 2005) (as a matter of law, insurer not required to list types of persons covered by PIP and APIP coverages).

Reid admittedly understood PIP coverage. APIP is not a different type of coverage, it is only *more* coverage. Under the facts and circumstances here, GEICO's offers permitted Reid to make an informed decision as to whether to purchase APIP coverage provided under C.R.S. § 10-4-710(2). Such compliant offers were rejected.

In practical terms, the plaintiff Reid in this case is seeking a judgment requiring her insurance company to pay unlimited PIP benefits to her after she elected to keep her premium at the lowest level by disclaiming that she was employed. To grant this relief would give her the benefit of a policy that would have a premium cost 900% greater than what she paid. Reformation is an equitable remedy. To grant it to her would not only be inequitable, it would be

unconscionable.

All of Reid's other claims for relief depend upon her claim for reformation.  Therefore, it is

ORDERED that defendant GEICO General Insurance Company's motion for summary judgment of dismissal [Doc. # 12] is granted and the plaintiff Denise Reid's motion for summary judgment [Doc. # 14] is denied.  The Clerk will enter judgment for the defendant, dismissing this civil action and awarding the defendant its statutory costs.

DATED: October 2nd, 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge